**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARQUEL L. JOHNSON,

        Defendant.

Case No. 18-CR-182-2-JPS

**ORDER**

    Before the Court is Defendant Marquel L. Johnson's ("Johnson") fifth[1] motion for compassionate release. ECF No. 196. For the reasons explained below, Johnson's motion will be denied.

    Four out of Johnson's five motions for compassionate release, including the instant motion, have been based on the same grounds, namely, that the sexual assault he experienced at FCI Dublin creates an extraordinary and compelling reason warranting his release. ECF No. 196; *see supra* note 1. The Court has repeatedly explained to Johnson that it "may not grant compassionate relief on such a ground unless the misconduct is 'established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.'" ECF No. 186 at 6 (quoting U.S.S.G. § 1B.13(b)(4)(A)–(B)); ECF No.

---

[1]In denying what it construed as Johnson's fourth motion for compassionate release, the Court explained the complicated nature of Johnson's many filings. ECF No. 192 at 1–4; *see also* ECF Nos. 134 (Johnson's first motion for compassionate release), 172 (Johnson's second motion), 187 (Johnson's third motion), and 191 (Johnson's fourth motion).

192 at 2–3 (quoting ECF No. 186); *see also* ECF No. 189. Johnson has provided no evidence to support that the misconduct he alleges has been "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." U.S.S.G. § 1B.13(b)(4).[2] Further, Johnson does not allege that he is in imminent danger nor that the administrative proceedings have been unduly delayed. U.S.S.G. § 1B.13(b)(4); *see generally* ECF No. 196.

Due to the repeated nature of Johnson's motions, the Court warned Johnson in its last order that "any further motions for compassionate release that fail for the same reasons articulated in the Court's previous order[s] denying such relief . . . [would] be summarily denied." ECF No. 192 at 7 (citing ECF Nos. 148, 186, 189). Because Johnson has filed another repeat motion for compassionate relief that does not cure the deficiencies in previous motions—regarding a finding of liability or the contention that he

[2]Several months after filing the instant motion, Johnson filed exhibits in support thereof. ECF Nos. 197 and 197-1. Those exhibits largely mirror those attached to his motion, *compare* ECF No. 196-1 *with* ECF No. 197-1, but include one new document, ECF No. 197-1 at 6. This new document is a letter from the Honorable Yvonne Gonzalez Rogers, who presided over a class action in the Northern District of California that related to alleged mistreatment at FCI Dublin. *Id.* (citing *Cal. Coal. For Women Prisoners v. United States,* No. 4:23-CV-4155-YGR, 2024 WL 1290766 (N.D. Cal. Mar. 15, 2024)). The document "provides a brief summary of the events at FCI Dublin which [a sentencing judge] may wish to consider to the extent applicable to the particular case of any compassionate release applications . . . receive[d] from class members." *Id.* It also notes that Judge Gonzalez Rogers has "sentenced six FCI Dublin correctional officers for criminal sexual abuse and criminal sexual contact" and that one other correctional officer "remains under indictment" and "over a dozen others remain under investigation." *Id.* Johnson provides no evidence, however, that any of these correctional officers were convicted related to the abuse that he alleges. This one-page letter does not change the analysis here.

is in imminent danger or the delay of a relevant administrative proceeding—the Court will summarily deny the instant motion.

Accordingly,

**IT IS ORDERED** that Defendant Marquel L. Johnson's motion for compassionate release, ECF No. 196, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge